UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER STUCK,<br><br>   Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 17-04639-AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

**BACKGROUND**

On January 23, 2014, Plaintiff filed an application for Social Security Disability Insurance Benefits alleging disability since September 13, 2013. Plaintiff's application was denied initially and on reconsideration. (Administrative Record ("AR") 89-92, 95-100.) A hearing took place on February 1, 2016 before an

Administrative Law Judge ("ALJ") at which Plaintiff, his attorney, and a vocational expert ("VE") were present. (AR 29-59.)[1]

In a decision dated March 11, 2016, the ALJ found that Plaintiff suffered from the following severe impairments: "hands, wrists, shoulders, diabetes mellitus, obesity, and adjustment disorder." (AR 16.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except that Plaintiff could perform postural activities occasionally; could occasionally walk on uneven terrain; could never climb ladders, ropes, or scaffolds; could not be around heights or hazards; could frequently use the hands; could occasionally perform overhead reaching with his non-dominant left upper extremity; and was limited to simple, repetitive tasks. (AR 18.) Given the foregoing RFC, Plaintiff was incapable of performing his past relevant work as a hospital cleaner or security guard. (AR 22.) Based upon the testimony of the VE, however, the ALJ found that Plaintiff's RFC did not preclude him from performing jobs that exist in significant numbers in the national economy. (AR 23.) Thus, the ALJ concluded that Plaintiff was not disabled at any time from September 13, 2013 to the date of the decision.

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ erroneously failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

2. Whether the ALJ failed to properly evaluate the consultative examiner's findings.

---

[1] The hearing was conducted by video. Plaintiff, her attorney, and the two experts were present in Fresno, California, while the ALJ presided over the hearing in San Jose, California. (AR 35.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**1. Any error in failing to resolve a conflict between the VE's testimony and the DOT was harmless.**

At step five of the sequential evaluation, the Commissioner bears the burden of establishing that there are available jobs that the claimant can perform notwithstanding his or her functional limitations. *See Gutierrez v. Colvin,* 844 F.3d 804, 806 (9th Cir. 2016). "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." *Gutierrez*, 844 F.3d at 806-807 (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). If a VE's "opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez,* 844 F.3d at 807; *see Massachi v. Astrue*, 48 6 F.3d 1149, 1152-1153 (9th Cir. 2007).

During the hearing, the ALJ asked the VE to assume the existence of a hypothetical person with Plaintiff's RFC, which as set forth above, included a limitation to "frequent use of hands." (AR 56-57.) The VE testified that the hypothetical person could not perform Plaintiff's past relevant work but could perform other jobs that existed in significant numbers in the national economy. The VE provided two representative jobs: the occupations of inspector (DOT 920.687-194) and assembler (DOT 920.687-122). (AR 57.) The ALJ did not inquire further as to whether the VE's testimony was consistent with the Dictionary's occupational descriptions. The ALJ adopted the VE's testimony and found that Plaintiff could perform the jobs of inspector and assembler. (AR 23.)

Plaintiff alleges that as defined by the DOT, these two occupations require "constant handling (gross manipulation)," and therefore, the VE's testimony conflict with the ALJ's finding that Plaintiff is limited to frequent use of his hands. (Plaintiff's Memorandum ("Mem.") at 3.) Plaintiff argues that the ALJ's failure to resolve the conflict requires reversal. (Plaintiff's Mem. at 3-4.)

The Commissioner concedes that there is an apparent conflict between the VE's testimony and the DOT descriptions of inspector and assembler, and that it appears the ALJ erred by relying upon those two jobs in his decision. (Defendant's Mem. at 2.) Nevertheless, the Commissioner argues that the error was harmless.

The Ninth Circuit haCVs "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In considering whether error was harmless, the Court looks at the record as a whole to determine whether the error alters the outcome of the case. *Molina*, 674 F.3d at 1115; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (ALJ's error is harmless when it is clear form the record that it was "inconsequential to the ultimate nondisability determination).

During the hearing, Plaintiff's attorney asked the VE whether Plaintiff could perform the jobs of inspector and assembler if his left hand functionality were

reduced to occasional gross and fine manipulation. The VE responded, "No. They would be precluded." (AR 57.) Nevertheless, the VE then testified that such a hypothetical person could perform the jobs of ticket taker (DOT 344.667-010) and counter clerk (DOT 249.366-010). (AR 57-58.)

As described by the Dictionary, the occupation of counter clerk requires only occasional handling, reaching, and fingering (DOT 249.366-010) and the occupation of ticket taker requires frequent reaching and handling and occasional fingering (DOT 244.667-010). These jobs do not exceed the ALJ's RFC assessment limiting Plaintiff to frequent use of his hands. Thus, the VE identified two occupations with jobs existing in significant numbers in the national economy that were consistent with Plaintiff's RFC. Consequently, the ALJ's failure to resolve the apparent conflict between the VE's testimony regarding the jobs of inspector and assembler and the DOT's description of those jobs was harmless. That is, it did not affect the validity of the ALJ's ultimate conclusion that Plaintiff could perform jobs that exist in significant numbers in the national economy. *See Gray v. Comm'r of Soc. Sec. Admin.*, 365 F. App'x 60, 63 (9th Cir. 2010) (reversal not warranted even if two of the three jobs named by the VE were inconsistent with claimant's RFC because the third job identified by VE was consistent with the ALJ's RFC determination); *Suarez v. Astrue*, 2012 WL 4848732, at *5 (C.D. Cal. Oct. 11, 2012) (any error by ALJ in finding claimant could perform named jobs was harmless where VE identified another job that was consistent with claimant's RFC).

**2.     The ALJ failed to properly evaluate the opinion of the consultative examiner.**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Generally, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and the opinion of an examining physician is entitled to more weight than that of a reviewing physician.

*Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Carmickle*, 533 F.3d at 1164. When a treating or examining physician's opinion is contradicted by another doctor, the opinion may only be rejected if the ALJ provides specific and legitimate reasons that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1160-1161; *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citations and internal quotation marks omitted).

Here, Plaintiff was examined by consultative psychiatric examiner Rama Nadella, M.D. (AR 380-384.) Dr. Nadella's mental status examination revealed that Plaintiff was neatly dressed and groomed; he made good eye contact; his thoughts were coherent, organized, relevant, and non-delusional: his memory was intact; he was able to do simple calculations; his speech was normal; he was of average intelligence; and his mood was anxious dysphoric, and depressed. (AR 382-383.) Dr. Nadella diagnosed Plaintiff with adjustment disorder with anxiety and depression. (AR 383.) She opined that Plaintiff was able to perform simple and repetitive tasks; was able to perform his previous job; was mildly limited in accepting instructions from supervisors, interacting with the public, coworkers, and supervisors, and dealing with the usual stressors encountered in competitive work; and was moderately limited in performing work activities on a consistent basis, performing work activities without additional supervision, and completing a normal workday without interruption. (AR 384.)

In evaluating Plaintiff's mental limitations, the ALJ discussed Dr. Nadella's report. The ALJ noted Dr. Nadella's opinion that Plaintiff could perform simple, repetitive tasks and mentioned that Dr. Nadella "imposed other mental limitations,"

but did not specify those other limitations. (AR 21.)

The ALJ then considered: (1) the June 2014 opinion of M. Morgan, M.D., a State Agency psychiatrist who reviewed Plaintiff's medical records and concluded that Plaintiff was able to complete a normal workday and workweek performing simple, repetitive tasks; and (2) the July 2014 opinion of Randall Garland, Ph.D., a State Agency psychologist who reviewed the medical record and concluded that Plaintiff could perform simple work. (AR 22, 65-66, 69-70, 82-83.)

The ALJ gave substantial weight to Dr. Nadella's opinion that Plaintiff could perform simple, repetitive tasks. However, he gave "little weight to Dr. Nadella's other limitations because they grossly overestimate [Plaintiff]'s mental limitations because they are inconsistent with the record and [Plaintiff]'s lack of any mental health treatment." (AR 22.) In addition, the ALJ stated that Plaintiff's "presentation and demeanor are not consistent with any further mental limitations." (AR 22.) The ALJ then credited the opinions of the State Agency doctors, finding they were consistent with the record as a whole. (AR 22.)

Plaintiff contends that the ALJ failed to provide the requisite specific and legitimate reasons for rejecting Dr. Nadella's opinions that he had moderate limitations performing work activities on a consistent basis, performing work activities without additional supervision, and completing a normal workday without interruption. (Plaintiff's Mem. at 5.)

Other than Dr. Nadella's limitation to simple and consistent tasks, the ALJ did not explicitly address any of her opinions regarding Plaintiff's mental limitations. In rejecting those opinions the ALJ provided the following reasons: they were (a) "inconsistent with the record," (b) inconsistent with Plaintiff's lack of mental health treatment; and (c) inconsistent with Plaintiff's "presentation and demeanor." (AR 22.) The Court concludes that none of these constitute specific and legitimate reasons supported by substantial evidence.

Generally, a physician's opinion regarding a claimant's level of impairment may be rejected because it is inconsistent with the record as a whole, so long as the ALJ provides specificity for that conclusion. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinion that is unsupported by the record as a whole or by objective medical findings); *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (same). Here, however, the ALJ failed to specify which of Dr. Nadella's opinions he found inconsistent with which portion of the medical record. The ALJ's boilerplate statement does not constitute a specific and legitimate reason for rejecting Dr. Nadella's opinions. *See Garrison v Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (noting that "criticizing [opinions] with boilerplate language that fails to offer a substantive basis" is error); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . ."); *Carmona v. Berryhill*, 2017 WL 3614425, at *4 (C.D. Cal. Aug. 22, 2017) ("Saying that a medical opinion is 'inconsistent with the substantial evidence' is not a specific reason for rejecting the opinion; it is nothing more than boilerplate.").

A claimant's lack of treatment can be evidence of the lack of severity of such claimant's reported symptoms. *See Orn*, 495 F.3d at 636. The Ninth Circuit, however, has criticized reliance upon a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (internal quotation marks omitted); *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [the physician's]

assessment of claimant's condition is inaccurate").

Moreover, even where a lack of treatment is an appropriate factor to consider, the ALJ may not "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Orn*, 495 F.3d at 638 (9th Cir. 2007) (internal quotation marks omitted). Here, the ALJ never inquired about Plaintiff's failure to seek mental health treatment or sought an explanation. Accordingly, Plaintiff's lack of mental health treatment was not a legitimate reason for rejecting Dr. Nadella's opinions. *See Ferrando v. Comm'r of Soc. Sec. Admin.*, 449 F. App'x 610, 611-612 (9th Cir. 2011) (claimant's failure to seek treatment for mental illness was not a clear and convincing reason to reject psychiatrist's opinion where failure to seek treatment is explained); *Wilkerson v. Berryhill*, 2017 WL 4340365, at *15 (N.D. Cal. Sept. 29, 2017) (error to rely on lack of mental health treatment where ALJ "did not undertake a specific assessment of whether [claimant's] limited mental-health treatment history was based on the lack of severity of his impairments or instead was at least in part attributable to his mental impairments and/or his financial constraints").

The ALJ's reliance upon Plaintiff's "presentation and demeanor" is also insufficient to support his decision to reject Dr. Nadella's opinion. The ALJ did not explain, and it is not evident, how Plaintiff's demeanor during a half-hour hearing[2] could be inconsistent with Dr. Nadella's opinion that he was moderately impaired in his ability to perform work activities on a consistent basis, perform work activities without additional supervision, or complete a normal workday without interruption. Absent further explanation, then, Plaintiff's demeanor does not constitute a specific and legitimate reason supported by substantial evidence. *See Aviles v. Astrue,* 2010

---

[2] The hearing commenced at 10:33 a.m. (AR 30) and closed at 11:04 a.m. (AR 59.)

9

WL 3155150, at *11 (C.D. Cal. Aug. 6, 2010) ("The ALJ's assertion that Plaintiff's demeanor at the two hearings undermined her credibility is conclusory and unconvincing. An ALJ may not properly base his opinion on so-called 'sit and squirm' jurisprudence . . ."); *see generally Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) ("the report of [a] non-treating, non-examining physician, combined with the ALJ's own observance of [the] claimant's demeanor at the hearing" did not constitute "substantial evidence" and, therefore, did not support decision to reject the examining physician's opinion that the claimant was disabled) (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

The Commissioner makes several arguments in an effort to bolster the ALJ's decision. As best the Court can discern, the Commissioner first contends that the ALJ was not required to discuss Dr. Nadella's opinions in his analysis of Plaintiff's RFC because he already considered them in steps two and three of the sequential analysis. (Defendant's Mem. at 5.) Contrary to this argument, the ALJ did not address Dr. Nadella's opinions regarding Plaintiff's moderate limitations at any step of his evaluation. (*See* AR 16-22.)

Next, the Commissioner argues that the ALJ did not need to address Dr. Nadella's opinions that Plaintiff is moderately impaired in his ability to work consistently, without supervision, or without interruption because those opinions were not "concrete functional limitations." (Defendant's Mem. at 5.) The Commissioner cites no authority for this argument, and it is belied by the regulations. *See* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Finally, the Commissioner contends that the ALJ did in fact provide valid reasons for rejecting Dr. Nadella's opinion. As discussed above, the reasons the ALJ

provided were inadequate. The Commissioner identifies additional reasons for rejecting Dr. Nadella's opinion – namely, Plaintiff's "largely unremarkable diagnostic and objective findings" and "the medical opinion evidence, which overwhelmingly concluded that Plaintiff could work." (Defendant's Mem. at 6.) Without commenting on the adequacy of these reasons, they were not actually relied upon by the ALJ to reject Dr. Nadella's opinions. The Court may not consider reasons for rejecting a physician's opinion that are not contained in the ALJ's decision itself. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina,* 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency").

In sum, the ALJ failed to provide the requisite specific and legitimate reasons for rejecting Dr. Nadella's opinion.

## REMEDY

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted); *see Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). If a district court finds legal error, it must determine "whether further administrative proceedings would be useful," asking "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler*, 775 F.3d at 1103-1104.

Although the Court has found legal error as discussed above, essential factual issues remain outstanding. Thus, this case "should be resolved through further

proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler.*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 5/7/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE